IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03084–WJM–KMT

TIFFANY ABEYTA, an individual,

    Plaintiff,

v.

COLORADO TECHNICAL UNIVERSITY, INC., a Colorado corporation,

    Defendant.

## ORDER

    This matter is before the court on Plaintiff's "Unopposed Motion for Stay of Proceedings." (Doc. No. 22, filed May 9, 2014.) For the following reasons, the Motion to Stay is GRANTED.

    In her First Amended Complaint (Doc. No. 17, filed Dec. 24, 2014), Plaintiff asserts six claims for relief, including claims under Title VII, the Fair Labor Standards Act, and state law. On April 3, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging, among other things, retaliation, harassment, and unequal pay based upon gender. (Mot. at 2.) Plaintiff maintains that the allegations at issue in the April 3, 2014 charge are closely related to the facts forming the basis of her existing claims.

Plaintiff seeks a stay of proceedings until if and when she receives a right-to-sue letter from the EEOC on her April 3, 2014 charge.[1]

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c)(1). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.* When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

---

[1] Under Title VII and other discrimination statutes, a plaintiff must obtain a right-to-sue letter from the EEOC as a prerequisite to suit. *See, e.g., Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1310 (10th Cir. 2005). Title VII further provides that the EEOC will issue a right to sue letter within 180 days of the filing of the charge if the agency has not filed a civil action on the charge or obtained a settlement. *See EEOC v. JBS USA, LLC,* 794 F. Supp. 2d 1188, 1204 (D. Colo. 2011) (citing 42 U.S.C. § 2000e-5(f)(1)).

convenience to the court; (4) the interests of persons not parties to the civil litigation; and (4) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2.

The Tenth Circuit has recognized the propriety of a stay under the circumstances presented in this case. *Wilkes v. Wyoming Dept. of Emp't,* 314 F.3d 501, 506 (10th Cir. 2002). In *Wilkes*, the plaintiff argued that the district court improperly dismissed her claims for violations of Title VII on claim preclusion grounds based on a prior lawsuit she filed concerning the same employment relationship. *Id.* at 503. More specifically, the plaintiff argued that because she had not yet received a right-to-sue letter from the EEOC, she was statutorily prohibited from raising her Title VII claims in the prior suit and, therefore, should not be barred from raising those claims in a subsequent lawsuit. *Id.* In rejecting this argument, the *Wilkes* court held that, to avoid claim preclusion, the plaintiff "could have filed her [initial lawsuit] . . . and then sought a stay in the district court until completion of the EEOC administrative process. After receiving her right-to-sue letter, Wilkes could have added her Title VII claim to her initial lawsuit by amending her complaint pursuant to Federal Rule of Civil Procedure 15." *Id.* at 506. Thus, the Tenth Circuit has recognized that a stay of proceedings may be appropriate to allow completion of the EEOC administrative process as to additional putative claims.

The *String Cheese* factors also favor a stay. First, both parties would face undue burden and expense if they were forced to proceed with discovery as to Plaintiff's existing claims, only to have discovery extended or reopened if and when Plaintiff is allowed to amend her complaint to assert the claims currently under EEOC review. For similar reasons, the court's convenience favors staying this action until Plaintiff receives a right-to-sue letter. Judicial economy would not be well-served by proceeding with discovery on Plaintiff's existing claims when it is clear

that several additional claims may be added to this action. Rather, the court finds that the best approach is to postpone discovery until all of the claims that may eventually be asserted in this action become ripe. Finally, the court finds that the interest of non-parties and the public do not prompt a different result. Altogether, on balance, the court finds that a temporary stay of proceedings is appropriate.

Therefore, it is

ORDERED that Plaintiff's "Unopposed Motion for Stay of Proceedings" (Doc. No. 22) is GRANTED. Discovery in this action is STAYED until further order of the court and all outstanding Scheduling Order deadlines are VACATED. Within either (1) 21 days after receipt of a right-to-sue letter from the EEOC or (2) September 30, 2014, whichever is earlier, Plaintiff shall file either (1) a motion to amend the complaint or (2) a Joint Status Report (with Defendants) advising the court as to the status of the EEOC proceedings and whether the stay of this action should be lifted.

Dated this 13th day of May, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge